**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EQUITY BUILDERS AND CONTRACTORS INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD L. RUSSELL, JR., RONALD L. RUSSELL, SR., R. RUSSELL BUILDERS, INC., LUIS V. GODUCO, GODUCO DESIGN GROUP, LTD., GREG WELTER, and TAMARA WELTER,<br><br>Defendants. | Case No. 05 C 1937<br><br>Hon. James B. Moran<br><br>**JURY TRIAL DEMANDED** |

**JOINT REPLY OF RONALD RUSSELL, SR., RONALD RUSSELL, JR. AND R. RUSSELL BUILDERS, INC. IN SUPPORT OF THEIR MOTION TO DISMISS THE CROSS-CLAIM OF LUIS V. GODUCO AND GODUCO DESIGN GROUP**

## Introduction

Defendants Luis V. Goduco and Goduco Design Group (collectively the "Goduco Defendants") have asserted a cross-claim against three defendants: Ronald Russell, Sr., Ronald Russell, Jr. and R. Russell Builders, Inc. (collectively the "Russell Defendants"). That cross-claim consists of a single sentence:

> Alternatively, in the event that Goduco is found liable to Equity, Goduco is entitled to contribution from Russell and from the Welters to the extent that Goduco pays more than its pro rata share of liability.

(Goduco Def. Cross-cl. at ¶ 2) The Goduco Defendants contend that this single sentence is enough. Their position, however, is untenable. As the Goduco Defendants recognize in their opposition to the Russell Defendants' motion, their cross-claim can only be sustained if this Court makes two findings: (1) that defendants in a copyright infringement action are entitled to assert state law

contribution claims against one another; and, if so, then (2) the contribution cross-claim alleged by the Goduco Defendants is sufficiently pled. The Goduco Defendants cannot prevail on either point.

## Argument

### I. There Is No Right To Contribution Amongst Defendants In A Copyright Infringement Action.

#### A. The Supreme Court's Decisions In *Texas Industries* and *Northwest Airlines* Preclude Contribution Claims In Copyright Infringement Actions.

The Goduco's first problem is that they are attempting to assert a cause of action (*i.e.* a contribution claim between alleged copyright infringers) that does not exist. The rule with respect to contribution claims is well settled: a defendant held liable under a federal statute has a right to contribution from another who has also violated the statute ***only*** if such right arises through: (1) the express or implicit creation of a right of action by Congress; or (2) the power of the courts to formulate federal common law. *See*, *e.g.*, *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO,* 451 U.S. 77 (1981).

This rule (the *Texas Industries/Northwest Airlines* rule) has been enforced and embraced by the Seventh Circuit. *See*, *e.g.*, *Anderson v. Griffin*, 397 F.3d 515, 523 (7th Cir. 2005) ("Courts have become reluctant to recognize a right of contribution as a matter either of federal common law or of statute. The reluctance is understandable. A right of contribution is not required to achieve either the compensatory or the deterrent objectives of the law.") (internal citations omitted – collecting cases); *Donovan v. Robbins,* 752 F.2d 1170, 1179 (7th Cir.1985) ("Where contribution is sought by one who has had to pay damages for violating a federal statute, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law.") (internal citations omitted).

When the *Texas Industries/Northwest Airlines* rule is applied to this case – as it must be – it becomes apparent that the Goduco Defendants have no right to seek contribution from the Russell Defendants.

***First***, nothing in the Copyright Act creates a right of contribution. When Congress enacted the Copyright Act, it created causes of action for copyright holders to sue infringers – either for direct infringement or contributory infringement. However, the Copyright Act does not create a cause of action for copyright infringers to seek contribution from other alleged infringers. That omission is striking because in other statutory schemes, Congress did provide for such contribution claims. *See, e.g.*, CERCLA, 42 U.S.C. § 9613(f)(1). Simply put, if Congress had wanted defendants in infringement actions to have a right of contribution, Congress could easily have provided for such claims in the Copyright Act. Congress chose not to do so, and the Russell Defendants respectfully submit that this Court should refrain from creating remedies that Congress declined to create. *See, e.g.*, *Premier Capital Mgmt., LLC v. Cohen*, No. 02-C-5368, 2005 WL 1564926, *2 (N.D. Ill. July 1, 2005) ("[I]n light of § 77o's [of the 1933 Securities Act] lack of an explicit right of contribution, the court declines to imply one.").

***Second***, the Goduco Defendants have not identified any authority holding – or even suggesting – that a federal common law right to contribution exists in copyright actions. Indeed, those courts that have considered the question have squarely rejected the notion of such a federal common law right. *See, e.g.*, *Lehman Bros., Inc. v. Wu*, 294 F. Supp. 2d 504 (S.D.N.Y. 2003).

**B. The Goduco Defendants' Authorities Do Not Support Their Position.**

In the face of this authority, the Goduco Defendants are asking this Court to hold that a defendant's right to seek contribution in a federal copyright action should be determined by reference to state tort law. There is no basis in law or policy for such a rule. The rule proposed by the Goduco

Defendants would directly contradict the Supreme Court's holdings in *Texas Industries* and *Northwest Airlines*. Moreover, the rule proposed by the Goduco Defendants – which would incorporate 51 different notions of contribution and indemnity into the federal Copyright Act – would create chaos in the field of federal copyright law. In *Donovan*, the Seventh Circuit rejected a similar argument to import state law notions of contribution into ERISA in language that resonates in this case:

> It [is] extremely unlikely that Congress would have wanted ERISA fiduciaries to be subject to the vagaries of state contribution law – a body of law so various, mutable, complex, and uncertain that its application to ERISA fiduciaries might well result in subjecting them to inconsistent duties and a risk of multiple liability. ERISA fiduciaries are entitled to a uniform nationwide rule (we realize that such a rule may not emerge till the Supreme Court decides the question).

752 F.2d at 1180. The Goduco Defendants ask this Court to reject such reasoning on the basis of two decisions. However, neither decision helps them.

***First***, the Goduco Defendants cite *Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871 (7th Cir. 2005), for the proposition that contribution claims are permitted in actions under the Copyright Act. But *Salton* contains no such holding. Not even close. In fact, *Salton* contains no discussion of the issue whatsoever. Rather, *Salton* involved the question of whether a particular defendant was an indispensable party under Fed. R. Civ. P. 19. In that case, Philips had filed two different sets of claims against E&E. In addressing the first set of claims (which involved a copyright infringement claim as well as various state law tort claims), the Seventh Circuit noted:

> [T]he victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor. The defendant ***may*** have a right to contribution (i.e., to a sharing of the pain) from the other tortfeasors, but the victim is not required to sue more than one of his oppressors.

*Id.* at 877 (emphasis added). In their brief, the Goduco Defendants overlook the significance of the highlighted word "***may***." Contrary to the Goduco Defendants' claim, the Seventh Circuit was not holding that all defendants in all types of tort claims (whether under state or federal law, whether under statutory or common law) have an absolute right to contribution. Far from it. The Seventh Circuit was simply pointing out (without deciding) that defendants in ***some*** types of tort claims (*e.g.* a state law tort action) ***might*** have a right to seek contribution.

***Second***, the Goduco Defendants ask this Court to rely on *Foley v. Luster*, 249 F.3d 1281 (11th Cir. 2001), a decision that has never been relied upon outside the Eleventh Circuit. In that case, the Eleventh Circuit permitted a defendant in a copyright infringement action to assert a state law contribution claim. The Russell Defendants respectfully submit that *Foley* was wrongly decided, and they urge the Court to disregard that decision. Simply put, *Foley* cannot be reconciled with the *Texas Instruments/Northwest Airlines* rule. Interestingly, in *Foley*, the Eleventh Circuit conducted a traditional federal preemption analysis, and permitted the state law contribution claim on the basis of that analysis. The Eleventh Circuit did not even mention – much less discuss, analyze, or distinguish – *Texas Instruments* or *Northwest Airlines*. Accordingly, *Foley* carries no weight in analyzing the impact of those decisions on the Goduco Defendants' cross-claim.

## II. The Goduco Defendants Have Not Adequately Pled A Cause Of Action.

Even if a state law right of contribution existed for actions under the Copyright Act – and one does not – the Goduco Defendants' claim would still fail because it does not allege any facts supporting a recovery against the Russell Defendants. On this point, *Premier Capital Management*, No. 02-C-5368, 2005 WL 156926, is instructive. In that case, Judge Gottschall examined whether defendants to a state law securities claim had sufficiently pled a contribution cross-claim. (Unlike the Copyright Act, the Virginia securities statute at issue in *Premier Capital Management* expressly

permitted contribution claims.) Judge Gottschall dismissed the claim, holding that "[w]hile Cohen, Kim, Turcotte and Tucker need not plead every element or detail to their claims, they do need to provide sufficient allegations at least to sketch out their theory of contribution." *Id.* at *3.

The same is true here, and the Goduco Defendants come up well short of the mark. Indeed, the Goduco Defendants do not even state why they believe the three Russell Defendants should be required to reach into their own funds and pay any judgment entered against the Goduco Defendants. The cross-claim does not allege any wrongful or actionable conduct on the part of the Russell Defendants, it does not allege any conduct giving rise to a right of contribution, and it does not articulate a theory entitling them to contribution. Accordingly, their cross-claim must be dismissed.

**Conclusion**

For the reasons set forth above, Ronald Russell, Sr., Ronald Russell, Jr. and R. Russell Builders, Inc. respectfully move the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the cross-claims asserted against them by the Goduco Defendants. They also request entry of an award of costs in their favor.

August 19, 2005

Respectfully submitted,

By:______________________

Mark W. Daniel, Esq.
John R. Zemenak, Esq.
Timothy D. Elliott, Esq.
RATHJE & WOODWARD LLC
300 East Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone: (630) 668-8500
Facsimile: (630) 668-7350

Attorneys for Ronald Russell, Sr., Ronald Russell, Jr. and R. Russell Builders, Inc.

**CERTIFICATE OF SERVICE**

I, Timothy D. Elliott, an attorney, hereby certify that I served a true and correct copy of the foregoing JOINT REPLY OF RONALD RUSSELL, SR., RONALD RUSSELL, JR. AND R. RUSSELL BUILDERS, INC. IN SUPPORT OF THEIR MOTION TO DISMISS THE CROSS-CLAIM OF LUIS V. GODUCO AND GODUCO DESIGN GROUP on the 19th day of August, 2005, upon:

***Via Facsimile and First Class Mail***:

John P. Cooney, Esq.
10426 W. 163rd Place
Orland Park, IL 60460

Stephen M. Cooper, Esq.
117 South State Street
Geneva, IL 60134

David H. Levitt
Hinshaw & Culberton
222 N. LaSalle Street, Suite 300
Chicago, IL 60601

Timothy D. Elliott